FILED

2026 Apr-17  AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **LEE CUNNINGHAM,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No. 7:25-cv-1944-ACA** |
| | ] | |
| **RENEE MINOR, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

Shortly after *pro se* Plaintiff Lee Cunningham testified against his supervisors at Bibb County Correctional Facility as part of a hostile work environment investigation, he contacted Defendant Renee Minor, the Director of the Personnel Division of the Alabama Department of Corrections, to inquire about moving from his position as a full-time correctional officer to a part-time correctional officer. Ms. Minor advised Mr. Cunningham that he could move to a part-time position but first had to resign from his full-time position to be "reemployed." Mr. Cunningham later communicated with the facility warden, Defendant John Hutton. Warden Hutton told Mr. Cunningham that "he would have no problems completing the transfer if that is what [Ms. Minor] communicated to [Mr. Cunningham]." Mr. Cunningham then resigned. Thereafter, he learned he had to participate in a hiring process and be rehired to a part-time position.

Mr. Cunningham contends that Defendants induced him to resign and had no intention of transferring him to a part-time position. On that basis, Mr. Cunningham sued Ms. Minor and Warden Hutton, asserting the following claims:

Count One: violation of due process by coercing or fraudulently inducing his resignation (seeking reinstatement)

Count Two: violation of due process by coercing his resignation (seeking monetary damages)

Count Three: violation of due process by fraudulently inducing his resignation (seeking monetary damages)

Count Four: making misrepresentations, in violation of state law (seeking monetary damages)

Count Five: violation of the Alabama State Employee Protection Act, Ala. Code § 36-26A-1 *et seq.* (seeking monetary damages)

(Doc. 1 ¶¶ 47–66). Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), asserting state and qualified immunities as well as failure to state a claim. (Doc. 5). The court **WILL GRANT** the motion. The due process claims fail because Mr. Cunningham has not alleged facts that show Defendants coerced or fraudulently induced him to resign. And the court declines to exercise supplemental jurisdiction over the remaining state law claims.

Mr. Cunningham also moves for referral to a magistrate judge for a report and recommendation. (Doc. 15). Because this memorandum opinion resolves the case, the court **WILL DENY** the motion as **MOOT** without further discussion.

## I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 835 (11th Cir. 2025).

Mr. Cunningham worked as a full-time correctional officer at Bibb County Correctional Facility. (Doc. 1 ¶¶ 8–9; *see id.* ¶ 14). This role was in Alabama's classified service. (*Id.* ¶ 24). While in this role, Mr. Cunningham provided sworn testimony in a workplace investigation of whether supervisory personnel had created hostile work conditions. (*Id.* ¶¶ 10, 12–13). In particular, he testified that Ms. Minor and Warden Hutton were personally aware of those conditions. (*Id.* ¶ 41).

The same month he testified, Mr. Cunningham approached Ms. Minor about transferring from his full-time role to a part-time one. (Doc. 1 ¶ 14). Ms. Minor informed Mr. Cunningham that switching to a part-time position required him to resign from his full-time position and wait for the Department of Corrections to pay him the value of his leave balances, after which he could be reemployed on a part-time basis. (*Id.* ¶ 15). Warden Hutton told Mr. Cunningham "he would have no problems completing the transfer if that is what [Ms. Minor] had communicated to [Mr. Cunningham]." (*Id.* ¶ 16).

Mr. Cunningham resigned from his full-time role, waited until he was paid for his leave balances, and then applied to Ms. Minor and Warden Hutton for

reinstatement. (*Id.* ¶ 17). At that point, Ms. Minor informed him that he had to attend a Department of Corrections recruiting department hiring event and coordinate with the specific facility "he wanted to return to as a part time employee." (Doc. 1 ¶ 19). Mr. Cunningham contacted the recruiting department and was told that it hosted hiring events only for full-time employment. (*Id.*). Bibb County Correctional Facility and Warden Hutton did not return Mr. Cunningham's calls about reinstatement. (*Id.*).

## II.   DISCUSSION

Defendants seek dismissal of the complaint on grounds of immunity and failure to state a claim. (Doc. 6 at 4–19). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Only well pleaded factual allegations are entitled to the presumption of truth. *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). Where, as here, a plaintiff proceeds *pro se*, the court must liberally construe the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

1.    Federal Claims

Counts One through Three assert that Defendants violated Mr. Cunningham's due process right by coercing or fraudulently inducing him to resign and seek reinstatement and damages. (Doc. 1 ¶¶ 47–57). Defendants assert that (1) Eleventh Amendment and qualified immunity bar Counts Two and Three; and (2) all three counts fail to state a claim. (Doc. 6 at 4–5 & n.2, 13–18). Because the court agrees that the counts fail to state a claim, the court will not address the immunity arguments.

"[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011). Defendants focus only on the existence of a property interest. (Doc. 6 at 14–17). They concede that Mr. Cunningham had a property interest in his continued employment because he was a permanent, non-probationary, classified service state employee. (Doc. 1 ¶ 24; doc. 6 at 14); *Ex parte Moulton*, 116 So. 3d 1119, 1136 (Ala. 2013) (noting that under Alabama law, a permanent employee has a property interest in continued employment); *see Morley's Auto Body, Inc. v. Hunter*, 70 F.3d 1209 (11th Cir. 1995) ("State law defines the parameters of a plaintiff's property

5

interest . . . .”). But they argue he relinquished that interest by resigning. (Doc. 6 at 14).

If an employee “resign[s] of his own free will,” he has “relinquished his property interest,” even if his resignation was “prompted . . . by events set in motion by his employer.” *Hargray v. City of Hallandale*, 57 F.3d 1560, 1567 (11th Cir. 1995). But an employee does not relinquish that interest when the employer “obtains the resignation by deceiving or misrepresenting a material fact to the employee.” *Id.* at 1568; *see also Rodriguez v. City of Doral,* 863 F.3d 1343, 1352 (11th Cir. 2017) (finding a resignation involuntary using the *Hargray* analysis). In Count Two, Mr. Cunningham asserts that Defendants coerced him into resigning. (*Id.* ¶¶ 49–52). In Count Three, he asserts that Defendants fraudulently induced him into resigning. (*Id.* ¶¶ 53–57). Count One asserts both coercion and fraudulent inducement. (*Id.* ¶¶ 47–48).

Mr. Cunningham failed to adequately allege coerced resignation. To establish a coerced resignation, a plaintiff must allege sufficient facts to support a reasonable inference that “the employer’s conduct in obtaining the employee’s resignation deprived the employee of free will in choosing to resign.” *Hargray*, 57 F.3d at 1568. Mr. Cunningham’s complaint characterizes his resignation as a “coerced resignation” (*see, e.g.*, doc. 1 ¶¶ 22, 30), and contains conclusory statements that Mr. Cunningham “was coerced,” (*see, e.g.*, *id.* ¶¶ 21, 28), but the court cannot

6

consider these allegations. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.). And Mr. Cunningham does not allege any facts supporting an inference of coercion. Instead, the complaint alleges he wanted a different position that required him to resign from the position he held. There are no allegations stating or reasonably inferring that Mr. Cunningham's only option was to resign, as opposed to staying in his full-time position or seeking alternative solutions that did not require resignation. *See Hargray*, 57 F.3d at 1569 ("[T]he mere fact that the choice is between comparably unpleasant alternatives does not of itself establish that a resignation was induced by duress or coercion."). The court therefore **WILL GRANT** Defendants' motion to dismiss Count Two and the coercion claim under Count One and **WILL DISMISS** those claims **WITHOUT PREJUDICE**.

The complaint also fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant" fraudulently induced Mr. Cunningham to resign. *Id*. A fraudulently induced resignation occurs when the employer made a material misrepresentation—even an innocent one—on which the plaintiff reasonably relied. *See Hargray*, 57 F.3d at 1570–71. A misrepresentation may be material if it concerns an alternative to resignation. *Id.* at 1570.

Accepting Mr. Cunningham's allegations as true, Ms. Minor represented to Mr. Cunningham that he could be employed in a part-time role if he resigned from

his full-time role and was rehired in part-time position. (Doc. 1 ¶ 15). Mr. Cunningham does not allege that this is not the correct procedure to change roles, or that there was an alternative method for him to be "transferred" into the role he sought. (*See generally id.* ¶¶ 14–19, 54–56). Nor does he allege that Ms. Minor guaranteed he would be hired into his desired role after his resignation. (*See id.*). Accordingly, the facts as alleged against Ms. Minor do not permit the inference that she made a material misrepresentation that induced Mr. Cunningham to resign.

The same is true for Warden Hutton. Warden Hutton's only alleged misrepresentation is that he would "complet[e] the transfer if that is what [Ms. Minor] had communicated to [Mr. Cunningham]." (*Id.* ¶ 16). But Ms. Minor did not prescribe a method of transfer—she informed Mr. Cunningham that in order to be placed in the role he wanted, he would have to resign and be rehired. (*Id.* ¶ 15). Thus, the complaint does not plead a claim to relief for fraudulent inducement that is plausible on its face. *Iqbal*, 556 U.S. at 678. Accordingly, the court **WILL GRANT** Defendants' motion to dismiss Count Three and the fraudulent inducement claim under Count One and **WILL DISMISS** those claims **WITHOUT PREJUDICE**.

### 2. State Law Claims

Mr. Cunningham brings two state law claims: Count Four is fraud based on misrepresentations and Count Five is a violation of the Alabama State Employee

Protection Act, Ala. Code § 36-26A-1 *et seq*. (Doc. 1 ¶¶ 58–66). However, the court has dismissed the claims sustaining federal-question jurisdiction, and the requirements of diversity jurisdiction are not satisfied here. (*See id.* ¶¶ 4–6); *AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1252 (11th Cir. 2025) ("In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."). So the court does not have subject matter jurisdiction over the state claims.

Although the court has "broad discretion" to exercise supplemental jurisdiction over the remaining claims, the court declines to do so here. *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022). The Eleventh Circuit has "encouraged district courts to dismiss" state law claims when all federal claims have been dismissed "before trial." *Id.* And consideration of the Alabama statute in Count Five is best reserved for an Alabama state court. *See id.* ("[C]oncerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed.").

As such, the court **WILL GRANT** Defendants' motion to dismiss Count Four and Count Five and **WILL DISMISS** those counts **WITHOUT PREJUDICE**.

## III.   CONCLUSION

The court **WILL GRANT** Defendants' motion to dismiss and **WILL DISMISS** the complaint **WITHOUT PREJUDICE**. (Doc. 5). The court **WILL DENY** Mr. Cunningham's motion for referral to a magistrate judge. (Doc. 15).

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this April 17, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

10